HARRY F. BESOSA, Plaintiff and Appellant, *v.* NORWICH UNION FIRE INSURANCE SOCIETY, LTD., Defendant and Appellee.

No. 3341.  Argued February 5, 1925.—Decided April 24, 1925.

APPEAL—EVIDENCE—CONTRADICTORY EVIDENCE.—When the evidence is contradictory and the trial court adjusts the conflict therein the judgment appealed from should be affirmed unless passion, prejudice, partiality or manifest error on the part of the judge is shown.

First District Court of San Juan, Charles E. Foote, J.  Judgment for the defendant in an action of debt.  *Affirmed.*

*José Martínez Dávila* for the appellant.  *Guerra-Mondragón & Soldevila* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is an action to recover for services rendered.  The plaintiff alleged as follows:

"First.—That the plaintiff is of lawful age, an attorney and resident of this city and the defendant is a corporation duly organized in accordance with the laws of England, its agents in this city being J. Ochoa & Brother.

"Second.—That William Hare, as manager of the defendant corporation for the United States, engaged the plaintiff as the attorney of the said company to collect from J. T. Silva & Company the sum of $12,738.49 which they owed to the defendant.

"Third.—That the plaintiff agreed to represent the defendant and first personally and then judicially succeeded in collecting the said sum of $12,738.49.

"Fourth.—That it was agreed between the plaintiff and William Hare that the former should receive for his professional services 15% of the amount collected without suit and 25% if suit had to be brought.

"Fifth.—That the plaintiff collected $6,738.49 without suit and the remaining $6,000 by prosecuting the corresponding action.

"Sixth.—That the defendant refuses to pay to the plaintiff his fees amounting to $2,510.77."

The defendant answered as follows:

"With the exception of the first, the defendant denies all of the material allegations of the complaint.

"As a special defense the defendant alleges:

"That if the contract referred to in the complaint is the one entered into in November of 1917 by the plaintiff, the defendant and J. T. Silva & Co., by that contract the defendant did not engage the plaintiff's services as attorney or agree to pay him any sum, the agreement being that the plaintiff was named as trustee to collect and receive from J. T. Silva & Co. the sum of $6,000 and deliver it to the defendant; but he was never engaged to act as an attorney.

"That the plaintiff accepted the trust referred to in the preceding paragraph and his intervention in the matter was due to the interest that the National Surety Company had therein, of which company the plaintiff was at that time the agent.

"That even if the plaintiff had been engaged as the defendant's attorney (which is denied) the action of the plaintiff is barred by limitation under subdivision 1 of section 1868 of the Civil Code."

On the issue so joined the case was brought to trial. The evidence of the plaintiff is sufficient in itself. It contains no written evidence of the contract for remuneration, but this is shown by the parol evidence. The evidence of the defendant contradicted that of the plaintiff with regard to the obligation to pay for the services, but not as to the

rendering of the services. The court adjusted the conflict in favor of the defendant by its judgment of March 7, 1924, and from that judgment the plaintiff took the present appeal.

We have examined the transcript and do not feel convinced that the trial court abused its discretion in weighing the evidence. The judgment would be affirmed for this reason but for the fact that the appellant raises in his brief the following question which is worthy of some consideration.

"In conclusion, even admitting that there was no express agreement between the parties for professional services; that there was no contract of agency; that there was no agreement for compensation for the professional services which plaintiff Besosa rendered to defendant Norwich Union, it having been proved beyond all doubt that the plaintiff rendered valuable services to the defendant who accepted them, as admitted by the District Court of San Juan in its opinion, section 1486 of the Civil Code, as amended by the Act of February 24, 1906 (Acts of 1906, p. 36), is applicable."

To this the appellee replied as follows:

"Now in this appeal the plaintiff attempts to change completely the theory of the case. The action was brought for the performance of a supposed contract for professional services. In it an attorney, who alleges that he was engaged to render certain professional services, seeks to recover the remuneration claimed under a verbal agreement. Now, after the trial of the case, the plaintiff-appellant alleges that although there may have been no express contract for professional services, the district court should have given judgment against the defendant for an amount in compensation for the services rendered. The court *a quo* could not very well have done this, and much less can it be done by this court, considering that the theory of the case was that of a contract sought to be enforced and that the action was not one to recover on a *quantum meruit*. Where has the appellant alleged that although he acted as trustee he was entitled to compensation for his services and that they were reasonably fixed at a certain sum? When was the appellee heard and given an opportunity to defend against such alle-

gations and to prove that even if professional services were actually rendered they were worth no more than a certain amount? Not even at the trial in the court below could the plaintiff raise such a question, for it was dehors the issue. The defendant prepared to defend and defended successfully, right being on its side, against a claim arising on an express contract.''

We have examined the authorities cited by both parties in support of their respective contentions as applicable to the facts of this case and are of the opinion that the appellee is technically correct.

But there is something more to be considered. The contention of the defendant at the trial went beyond the mere denial of the agreement to pay compensation. It admitted the plaintiff's participation in its affairs and the services rendered by him, but explained the position assumed by the plaintiff as not carrying with it the collection of fees unless by special agreement. It seems well to transcribe the following paragraph of the opinion of the trial court:

''After carefully considering the evidence examined and the pleadings of the parties the court makes the following findings: That although it is true that the plaintiff received from the firm of J. T. Silva & Company the amounts stated in the complaint to be delivered to the defendant and paid them to the defendant, his action in this connection was only as trustee; that there was never any contract or agreement for the payment of professional services between the plaintiff and the defendant.''

This being so, even if we were to examine the evidence in order to ascertain whether such services had been rendered as to justify a judgment in favor of the plaintiff for their reasonable value, we should have to decide the case against him.

The following letter was a part of the evidence on which the trial court relied:

''New York, April 13th, 1918.—Mr. Harry F. Besosa, San Juan,

Porto Rico.—Dear Sir: I acknowledge receipt of your letter of the 25th ultimo and enclosure being check for $750.

''I am glad to note you think that Silva is coming to his senses and that he has paid on account $1,000. In reference to your retention of twenty-five per cent of this amount for your fees I would say that this does not appear to be in order to me. The agreement which was entered into between the firm of J. T. Silva & Co., Succrs. S. en C., by the acting partner of that firm, yourself and myself provided that you should be appointed trustee for the collection of the note being the amount of money owing the Norwich Union. I believe that if you will examine that document you will see clearly from a legal standpoint that no fees are due you from the Norwich Union. The Norwich Union simply has consented to become the beneficiary under a trust created by the Silva firm. This was clearly understood because I warned you at the meeting when the agreement was signed that it would be necessary for you to look to the Silvas for your fees and to this warning you made no objection. Under these circumstances I will ask that you kindly send me the $250 which you have retained together with any further collection. If after the completion of your trust and the payment to the Norwich Union of $6,000 you cannot collect a fair compensation from the Silvas I shall be glad to recommend to the Head Office that they consider favorably an equitable compensation to you on their part.—Yours truly,—William Hare, Manager.''

If this is true, and the court so found, not only was there no agreement for the payment of fees, but it was stipulated that the fees should be paid by another, the writer of the letter only promising the plaintiff to make a favorable recommendation for the payment of fair compensation in case the other person failed to pay.

Under these circumstances, the legal condition of the case after considering the question of the *quantum meruit* is the same as stated at the beginning, that is, a conflict in the evidence which was adjusted in favor of the defendant, without a showing of passion, prejudice, partiality or manifest error on the part of the court. Therefore, the judgment appealed from must be affirmed.